Jeremy E. Branch, CA Bar #303240
The Law Offices of Jeffrey Lohman, P.C.
28544 Old Town Front St., Suite 201
Temecula, CA 92590
Telephone: (866) 329-9217 ext. 1009
Email: JeremyB@jlohman.com
*Attorney for Plaintiff, NEILA REAMICO*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NEILA REAMICO,<br><br>    Plaintiff,<br><br>    – vs –<br><br>TRANSUNION, LLC.,<br><br>    Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, NEILA REAMICO ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendant TRANSUNION, LLC, ("TRANSUNION" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. This action is brought by Plaintiff pursuant to the Consumer Credit Reporting Agencies Act, *Cal Civ. Code § 1785.25 et seq*. ("CCRAA").

## Parties

3. Plaintiff is a natural person at all times relevant residing in Los Angeles County, in the City of Pasadena, in the State of California.

4. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c) and Cal. Civ. Code § 1785.3(b).

5. TRANSUNION is a corporation conducting business in the State of California and is headquartered in Chicago, Illinois.

6. TRANSUNION is a "person" as that term is defined by 15 U.S.C. § 1681a(b).

7. TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

8. TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

9. TRANSUNION is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as that term is defined by Cal. Civ. Code § 1785.3(d).

10. At all times relevant to this Complaint, Defendants acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

PLAINTIFF'S COMPLAINT

**Jurisdiction and Venue**

11. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

12. Supplemental jurisdiction over the CCRAA pursuant to 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Factual Allegations**

14. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANSUNION and has suffered particularized and concrete harm.

15. CRAs, including TRANSUNION have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

16. On or about November 16, 2018 Plaintiff and SYNCHRONY BANK ("SYNCHRONY") settled an Ashley Home Store account ending in 7510 ("Account") with an outstanding balance of $2,297.25 for a lesser amount of

$1,722.96 to be made in twelve (12) payments beginning November 28, 2018 through October 28, 2019.

17. Pursuant to the terms of settlement agreement, when all scheduled payments have been made and cleared, SYNCHRONY agreed that the matter will be "settled in full."

18. Plaintiff satisfied the settlement terms for the Account by timely making the agreed-upon payments.

19. Despite the foregoing, Defendant reported inaccurate information concerning in the Account by failing to reflect the true nature of the Accounts.

20. On June 22, 2020, Plaintiff obtained and reviewed a copy of her credit report from TRANSUNION.

21. TRANSUNION inaccurately reported the Account by reporting the incorrect balance after Plaintiff satisfied the terms of the settlement, reporting the incorrect past due amount each month that Plaintiff was making agreed upon payments, failing to report the true payments that Plaintiff made each month that Plaintiff was making agreed upon payments, and by reporting a charge off rating after Plaintiff satisfied the terms of the settlement.

22. On April 8, 2020, Plaintiff issued a dispute to TRANSUNION regarding the incorrect information reported about the Account, and provided TRANSUNION with a copy of the settlement agreement for the Account.

23. Pursuant to its responsibility in 15 U.S.C. § 1681i, within five (5) days of receiving Plaintiff's dispute of the Account, Defendant was required to send notification to SYNCHRONY.

24. On information and belief, Defendant failed to notify SYNCHRONY of Plaintiff's dispute.

25. Defendant did not notify Plaintiff that it was terminating its reinvestigation of Plaintiff's dispute. 15 U.S.C. § 1681i(a)(3).

26. As of September 25, 2020, TRANSUNION continued to report the inaccurate information regarding the Account.

27. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Accounts, TRANSUNION was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

28. If TRANSUNION would have complied with its statutory duties, incorrect information concerning the Accounts would not have been reported despite notice from Plaintiff.

29. As a result of Defendant's conduct, Plaintiff has suffered actual damages as inaccurate information being reported on Plaintiff's credit report, which has impeded Plaintiff's ability to obtain credit or favorable terms in financing an

interest, caused Plaintiff to incur out of pocket expenses associated with disputing the inaccurate information only to find the inaccurate information remains on the credit report, emotional distress and mental anguish associated with having incorrect derogatory personal information reported on the credit report, and a decreased credit score, which may result in the inability to obtain credit or favorable terms on future attempts to obtain credit.

## COUNT I – TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

31. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

32. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

33. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. TRANSUNION's conduct, action, and inaction were willful, rendering TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

35. In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

37. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

38. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

39. TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

40. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with

Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

42. In the alternative, TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – TRANSUNION
## Violation of the Consumer Credit Reporting Act CA CIV CODE § 1785.16

44. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-29.

45. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer report.

46. TRANSUNION violated CA CIV CODE §1785.16 by failing to promptly add, correct, or delete inaccurate information from the Plaintiff's file.

47. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3);

d) Actual damages to be proven at trial pursuant to 15 U.S.C. § 1681o(a)(1);

e) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681o(a)(2); and

f) Actual damages, to be proven at trial, including, but not limited to, court costs, loss of wages, attorney's fees and, when applicable, pain and suffering, pursuant to Cal. Civ. Code § 1785.31(a)(1);

g) Actual damages, to be proven at trial, and punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for

each violation as the Court deems proper, pursuant to Cal. Civ. Code § 1785.31(a)(2); and

h) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: June 14, 2021

*/s/Jeremy E. Branch*
Jeremy E. Branch
*Attorneys for Plaintiff*

- 10 -

PLAINTIFF'S COMPLAINT